UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DARRELL NATHANIEL RICHARD,                               6:12-cv-0321-TC

                    Plaintiff,

             v.                                        FINDINGS AND RECOMMENDATION

UNIVERSITY OF OREGON DEPARTMENT
OF PUBLIC SAFETY,

                    Defendant.

COFFIN, Magistrate Judge:

     By order filed April 6, 2012, I granted plaintiff's application to proceed in forma pauperis and dismissed his complaint with leave to amend. (#5). The order notified plaintiff that failure to file an amended complaint within thirty days would result in a recommendation that the court dismiss this action. On May 1, 2012, the Findings and Recommendations served on plaintiff were returned "undeliverable." Local Rule 83-10 requires parties to keep the court updated with their current addresses. Plaintiff has failed to keep the court appraised of his current address which has resulted in him not receiving and complying with the April 2012 order.

Page 1 - FINDINGS AND RECOMMENDATION

The trial court has discretion under Fed.R.Civ.P. 41(b) in dismissing an action for failure to comply with a court order. Fendler v. Westgate-California Corp., 527 F.2d 1168, 1170 (9th Cir.1975). However, the Court must consider the following factors before imposing a dismissal as a sanction for failure to prosecute or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. Pagtalunan v. Galaza, 291 F.3d 639 (9th Cir.2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir.1999). Given Plaintiff's failure to provide the court with his current address, this factor weighs in favor of dismissal. The trial judge can best judge whether delay in a case interferes with the court's docket management and the public interest. Patalunan, 291 F.3d at 639. Here, the Local Rules require plaintiff to provide his current address. Plaintiff's failure to do so has resulted in the court being unable to reach him. Without being able to reach plaintiff, it is impossible for the court to manage this case. This factor favors dismissal. As defendants have not yet been served, this factor is not applicable. Because the court has no ability to communicate with plaintiff due to his failure to provide an address, the court does not have the option of using a less drastic alternative while still being able to manage its docket. Nevijel v. North Coast Life Insurance Co., 651 F.2d 671, 674 (9th Cir.1981) (Although the court must consider less drastic alternatives to a dismissal, the court is not required to exhaust all such alternatives prior to dismissal.) This factor favors dismissal. Finally, the last factor–the public policy favoring disposition of cases on their merits, weighs against dismissal. However, this factor is outweighed

Page 2 - FINDINGS AND RECOMMENDATION

by the other factors.

## Conclusion

I recommend that this court dismiss this complaint without prejudice for failure to prosecute.

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

IT IS SO ORDERED

DATED this 15th day of May 2012.

THOMAS M. COFFIN
United States Magistrate Judge